1 ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
2 MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
3 Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
4 Facsimile: (310) 312-3100

5 Attorneys for Plaintiff
Unidisc Music Inc.
6
7 JORDAN GREENBERGER, ESQ. (pro hac vice forthcoming)
FIRESTONE GREENBERGER PLLC
8 14 Penn Plaza, 9th Floor
New York, NY 10122
Telephone: (212) 597-2255
9 jg@firegreenlaw.com

10 Attorneys for Plaintiff

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13 UNIDISC MUSIC INC.,                    CASE NO. 2:24-cv-5864

14            Plaintiff,                  **COMPLAINT**

15       v.                              **Demand For Jury Trial**

16 CLEOPATRA MUSIC INC.,

17            Defendant.

18

19       Plaintiff Unidisc Music Inc. ("Unidisc" or "Plaintiff"), for its complaint

20 against defendant Cleopatra Music Inc. ("Cleopatra" or "Defendant"), pleads the

21 following:

22                    **PRELIMINARY STATEMENT**

23       1.       Unidisc brings this action for a judgment declaring that it exclusively

24 owns and controls the copyright in certain sound recordings of performances: (a) by

25 the artist "Melanie" in the territory of Canada; and (b) by the artist "Utopia" in all

26 territories throughout the world.

27

28

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

20027601.2

2.       Unidisc has a clean chain of title to the recordings in relevant territories: Melanie in Canada, and Utopia throughout the world. As further explained below, Unidisc acquired the right to exploit the Melanie recordings in Canada pursuant to a 2013 contract with the original record label, and Unidisc acquired rights to exploit the Utopia recordings throughout the universe in 1996 in relation to the original record label's bankruptcy.

3.       Notwithstanding Unidisc's rights and exploitation of the sound recordings for many years, beginning on or about March 26, 2024, Cleopatra claimed exclusive worldwide rights in the recordings, demanded that Unidisc cease and desist exploiting the recordings in all territories, threatened litigation, and refused to acknowledge Unidisc's rights.

4.       Accordingly, Unidisc brings this action to, *inter alia*, declare its rights in the recordings in relevant territories, and to enjoin Cleopatra from infringing and otherwise interfering with Unidisc's rights in relevant territories.

5.       Cleopatra is also liable to Unidisc for copyright infringement under the laws of one or more countries for any exploitation of the recordings by Cleopatra in territories for which Unidisc has exclusive rights.

## PARTIES

6.       Unidisc is a Canadian corporation with its principal place of business located at 57-B Hymus Blvd, Pointe-Claire, Quebec H9R 4T2.

7.       Cleopatra is, on information and belief, a California corporation with its principal place of business 1831 Pontius Ave., Los Angeles, California 90025.

## JURISDICTION & VENUE

8.       This is an under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.) and for a declaratory judgment under the federal Declaratory Judgment Act. The basis of jurisdiction is 28 U.S.C. §§ 1331, 1338(a), and 2201.

Mitchell
Silberberg &
Knupp LLP

2
**COMPLAINT**

20027601.2

9.    Additionally, the basis of jurisdiction for Plaintiff's claims of multi-national copyright infringement is 28 U.S.C. § 1367(a).

10.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) and 1400(a) because, on information and belief: (i) a substantial part of the events giving rise to the claims arose in this District; and (ii) Defendant resides or otherwise is found in this District and is subject to the Court's personal jurisdiction.

## FACTS

### *Background*

11.    Unidisc is a Canadian independent record label that is known for releasing music made after the mid-1960s. Genres of music exploited by Unidisc include rock, electronic, funk, soul, hip hop, jazz, reggae, Latin, disco and a cappella.

12.    Unidisc owns copyright interests in a diverse catalogue of songs, including both sound recordings and musical compositions.

13.    On information and belief, Cleopatra is an independent record label based and operating in Los Angeles, California.

### *Melanie Recordings*

14.    Melanie Anne Safka Schekeryk, professionally known as Melanie, was an American singer-songwriter best known for her work in the late 1960s and early 1970s. Melanie's career highlights include her performance at the Woodstock festival in 1969; the 1971–72 global hit *Brand New Key*; her 1970 version of the Rolling Stones' *Ruby Tuesday*; her composition *What Have They Done to My Song Ma*; and her 1970 international breakthrough hit *Lay Down (Candles in the Rain)*.

15.    On information and belief, pursuant to a letter agreement dated February 21, 1985, Amherst Records, Inc. ("Amherst") acquired exclusive rights in certain sound recordings of performances by Melanie (the "Melanie Recordings"),

Mitchell
Silberberg &
Knupp LLP

20027601.2

each of which was for copyright purposes a "work made for hire" in favor of Amherst as the author and owner of the works.

16.    On information and belief, the Melanie Recordings appear on the album entitled *Am I real or what!*, which was registered with the United States Copyright Office in 1988 (Registration Number / Date: SR0000088996 / 1988-01-22).

17.    Pursuant to a Master Purchase And Exploitation Agreement dated as of July 31, 2013 (the "Amherst-Unidisc Agreement"), Amherst assigned, sold, transferred and conveyed to Unidisc, its assignees and licensees in perpetuity, for the territory of Canada and its related territories and possessions, all of Amherst's rights, title and interest of any nature whatsoever, including, but not limited to, the intellectual property rights, neighboring rights and all sound recording copyrights, for the full term of copyright and any extensions and renewals thereof, in certain master recordings.

18.    The master recordings acquired by Unidisc pursuant to the Amherst-Unidisc Agreement include the Melanie Recordings.

19.    From its acquisition of the Melanie Recordings on July 31, 2013 to the present, Unidisc has had the exclusive right to exploit the Melanie Recordings in Canada.

20.    Unidisc has commercially exploited its copyright interests in the Melanie Recordings in Canada for years.

21.    Unidisc released the Melanie Recordings for digital distribution on or about December 22, 2017, and on compact disc (CD) on or about January 19, 2018.

22.    In those instances when Unidisc has exploited the Melanie Recordings via third-party online platforms (e.g., YouTube), Unidisc has taken commercially reasonable steps to restrict access to those exploitations outside of Canada.

*Utopia Recordings*

23.    Utopia was an American rock band originally formed in 1973 by the musical artist Todd Rundgren.

24.    On information and belief, pursuant to a letter agreement dated as of March 4, 1982, Network Records ("Network") acquired exclusive rights in certain sound recordings of performances by Utopia (the "Utopia Recordings"), each of which was for copyright purposes a "work made for hire" in favor of Network as the author and owner of the works.

25.    On information and belief, the Utopia Recordings appear on the album entitled *Utopia*, which was registered with the United States Copyright Office in 1982 (Registration Number / Date: SR0000039781 / 1982-10-22).

26.    In or about 1994, Network filed for Chapter 7 bankruptcy in the United States District Court for the Central District of California, *In re: Network Records, Inc.*, Case No. LA 94-39114 TD (the "Network Bankruptcy").

27.    Pursuant to an AMENDED ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE TO SELL AND TRANSFER PROPERTY OF THE CHAPTER 7 ESTATE (15 Rundgren/Utopia Sound Recordings) TO UNIDISC MUSIC, INC., dated August 12, 1996, and entered in the Network Bankruptcy on August 14, 1996 (the "Bankruptcy Order"), Unidisc acquired out of the bankruptcy estate the Utopia Recordings, including without limitation "…the copyrights therein and all rights under copyright throughout the universe for the full term of copyright and all extensions and renewals thereof…".

28.    Pursuant to the Bankruptcy Order, on or about December 27, 1996, Unidisc received from the Trustee in the Network Bankruptcy a short form Assignment of the copyright in the Utopia Recordings (the "Utopia Assignment").

29.    The Utopia Assignment was recorded with the United States Copyright Office on August 15, 1997 (document recorded at volume 3402, page 546).

30.     From its acquisition of the Utopia Recordings in 1996 to the present, Unidisc has had the exclusive right to exploit the Utopia Recordings throughout the world.

31.     Unidisc has commercially exploited its copyright interests in the Utopia Recordings in various territories throughout the world, including the United States and Canada, for years.

32.     Unidisc released a compact disc (CD) of the Utopia Recordings on October 25, 1996, and it has also released the Utopia Recordings for digital distribution.

*Cleopatra*

33.     On or about April 2, 2024, Unidisc learned that Cleopatra claimed that Unidisc's exploitations of the Melanie Recordings and Utopia Recordings violated Cleopatra's claimed exclusive right to exploit the Melanie Recordings and the Utopia Recordings throughout the world.

34.     On or about March 26, 2024, Cleopatra issued Digital Millennium Copyright Act ("DMCA") takedown notices (17 U.S.C. § 512(c)) to YouTube concerning both the Melanie Recordings and the Utopia Recordings.

35.     In an April 2, 2024, email to Unidisc, Cleopatra wrote, *inter alia*:

> We hereby demand that you immediately cease and desist from any further distribution, reproduction, or exploitation of the aforementioned music. You are also required to remove all copies of the music from all platforms, including but not limited to streaming services, websites, and physical copies. Additionally, we insist on a full accounting of all revenues generated from these works and immediate remittance of any and all amounts owed to Cleopatra Records & the Melanie Estate.

Mitchell Silberberg & Knupp LLP

**COMPLAINT**

20027601.2

1        Failure to comply with this demand will result in further

2        legal action, including but not limited to seeking damages

3        for copyright infringement.

4        Please be advised that this letter serves as official notice

5        of our intent to protect our rights under copyright law. We

6        reserve all rights and remedies available to us under the

7        law.

8

9      36.    Unidisc rejected Cleopatra's demands and disputes Cleopatra's claims.

10     37.    Notwithstanding Cleopatra's claim, Unidisc has continued to exploit

11 the Melanie Recordings in Canada and the Utopia Recordings throughout the world,

12 and it intends to continue doing so.

13     38.    In response to Cleopatra's demands, Unidisc made a good faith effort

14 to demonstrate its chain of title to the Melanie Recordings and the Utopia Recordings

15 to Cleopatra. For example, Unidisc sent Cleopatra redacted copies of relevant

16 agreements showing Unidisc's clean chain of title.

17     39.    Nonetheless, Cleopatra refused to recognize and acknowledge

18 Unidisc's copyright interests in the Melanie Recordings and Utopia Recordings in

19 relevant territories.

20     40.    Further, Cleopatra continued to assert that it is the exclusive owner of

21 those rights throughout the world, it continued to demand that Unidisc cease and

22 desist from exploiting the recordings in all territories, and it continued to threaten

23 litigation against Unidisc.

24     41.    Cleopatra has not provided Unidisc with any documentation that would

25 support Cleopatra's claims to owning, for any territory, copyright interests in the

26 Melanie Recordings or the Utopia Recordings.

27

28

Mitchell
Silberberg &
Knupp LLP

7

**COMPLAINT**

42.   Cleopatra did claim to have acquired its interests to the Utopia Recordings directly from the performing artists (e.g., Todd Rundgren and the other members of the band).

43.   However, the performing artist had no such rights to grant to Cleopatra.

44.   On information and belief, the performing artists do not have any non-U.S. rights to assert, nor do they have any U.S. rights to assert because they are not eligible for the re-capture of any rights under section 203 (i.e., termination rights) in the Utopia Recordings.

45.   On information and belief, the "author" and copyright owner of the Utopia Recordings for copyright purposes was Network due to the work for hire provision in the underlying recording contract; and, as a work made for hire, the Utopia Recordings are not subject to section 203 termination. 17 U.S.C. § 203(a).

46.   On further information and belief, any purported section 203 termination notice was ineffective and void because it was executed by individuals whose performances are recorded on the Utopia Recordings, but those individuals are not party to the underlying recording contract with Network. The parties to the underlying recording contract were Network and an entity named Neo-Utopian Laboratories, Inc., which on information and belief was the performers' so-called loan-out or furnishing company. Third parties to a contract and loan-out companies, which "loan" out an artist's services to employers and enter into contracts on behalf of the artist, do not have a termination right under the statute.[1]

47.   Additionally, the purported section 203 termination notice was not received by Unidisc at the time it was purportedly served in May 2016. Notably, the address listed on the purported termination notices is not Unidisc's address (and was not its address in 2016).

---

[1] *Waite v. UMG Recordings, Inc.*, 450 F. Supp. 3d 430, 441 (S.D.N.Y. 2020).

**COMPLAINT**

Mitchell
Silberberg &
Knupp LLP

20027601.2

48.    Further, even if the performing artists effectively exercised a right of termination under section 203 of the Copyright Act (17 U.S.C. § 203), such termination is limited to the United States as a matter of law, and therefore it would not terminate or otherwise impact Unidisc's rights in the Utopia Recordings for any other territories outside of the United States.

### **COUNT I – Declaratory Judgment – Melanie Recordings**

49.    Unidisc repeats and re-alleges paragraphs 1 through 48 herein.

50.    From 2013 to the present, Unidisc has had exclusive copyright interests in the Melanie Recordings for the territory of Canada as the result of acquiring such rights pursuant to the Amherst-Unidisc Agreement, Unidisc has exploited the Melanie Recordings in Canada for years, and Unidisc intends to continue doing so for as long as it owns such rights.

51.    In 2024, Unidisc learned that Cleopatra claimed that it had world-wide rights in the Melanie Recordings and that it claimed that Unidisc's exploitation of the Melanie Recordings in Canada infringed Cleopatra's rights.

52.    Unidisc disputes Cleopatra's claim that it has rights to the Melanie Recordings in Canada.

53.    Cleopatra threatened litigation over the issue.

54.    Notwithstanding Unidisc's good faith effort to demonstrate its chain of title to the Melanie Recordings for the territory of Canada, the parties have not resolved the dispute and there is an actual dispute between the parties concerning the parties' right to exploit the copyright in the Melanie Recordings in Canada.

55.    A justiciable controversy exists between the parties.

56.    Granting Unidisc the declaratory judgment it seeks will serve a useful purpose in clarifying and settling the legal relations in issue and it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

57.     Unidisc is entitled to a judgment declaring that it is the exclusive owner of the copyright in the Melanie Recordings in Canada, that it has been the exclusive owner of such rights since 2013, and that Defendant may not exploit the Melanie Recordings in Canada absent Plaintiff's authorization.

## COUNT II – Declaratory Judgment – Utopia Recordings

58.     Unidisc repeats and re-alleges paragraphs 1 through 48 herein.

59.     From 1996 to the present, Unidisc has had exclusive copyright interests in the Utopia Recordings throughout the universe as the result of acquiring such rights out of the Network Bankruptcy, Unidisc has exploited the Utopia Recordings in various territories around the world since acquiring such rights, and Unidisc intends to continue doing so for as long as it owns such rights.

60.     In 2024, Unidisc learned that Cleopatra claimed that it had worldwide rights in the Utopia Recordings and that Cleopatra claimed that Unidisc's exploitation of the Utopia Recordings infringed Cleopatra's rights.

61.     Unidisc disputes Cleopatra's claims that it has rights to the Utopia Recordings in any territory.

62.     Cleopatra threatened litigation over the issue.

63.     The parties have not resolved the dispute and there is an actual dispute between the parties concerning the parties' rights to exploit the copyright in the Utopia Recordings.

64.     A justiciable controversy exists between the parties.

65.     Granting Unidisc the declaratory judgment it seeks will serve a useful purpose in clarifying and settling the legal relations in issue and it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

66.     Unidisc is entitled to a judgment declaring that it is the exclusive owner of the copyright in the Utopia Recordings throughout the universe, that it has been

Mitchell
Silberberg &
Knupp LLP

20027601.2

10
**COMPLAINT**

the exclusive owner of such rights since 1996, and that Defendant may not exploit the Utopia Recordings in any territory absent Plaintiff's authorization.

## COUNT III – Copyright Infringement – Melanie Recordings (Canada)

67. Unidisc repeats and re-alleges paragraphs 1 through 57 herein.

68. Unidisc has the exclusive right to exploit the copyright in the Melanie Recordings in Canada.

69. On information and belief, Cleopatra has exploited the Melanie Recordings in both the United States and Canada, and in doing so it approved, directed, and otherwise caused all such domestic and international conduct from its office in Los Angeles. To the extent that Cleopatra has exploited the Melanie Recordings in Canada, Cleopatra has violated Unidisc's exclusive copyright interests in the Melanie Recordings in Canada and Cleopatra is liable to Unidisc for copyright infringement.

## COUNT IV – Copyright Infringement – Utopia Recordings (Domestic)

70. Unidisc repeats and re-alleges paragraphs 1 through 48 and 58 through 66 herein.

71. Unidisc exclusively owns the rights to the Utopia Recordings in all territories throughout the universe, including the United States, as a result of acquiring such rights out of the Network Bankruptcy, as documented in the Bankruptcy Order and the Utopia Assignment recorded with the U.S. Copyright Office.

72. On information and belief, the section 203 termination notice executed by the individual performing artists and recorded with the Copyright Office for the Utopia Recordings is ineffective, void, and unenforceable, and therefore it did not terminate or otherwise impact Unidisc's copyright interests in the Utopia Recordings in the United States.

73.    On information and belief, beginning in 2024, Cleopatra copied, distributed, and publicly performed the Utopia Recordings in the United States without Unidisc's authorization.

74.    Cleopatra's unauthorized exploitations of the Utopia Recordings in the United States infringed Unidisc's exclusive copyright interests in the Utopia Recordings, and Cleopatra is liable to Unidisc for copyright infringement under the laws of the United States.

**COUNT V – Copyright Infringement – Utopia Recordings (Foreign)**

75.    Unidisc repeats and re-alleges paragraphs 1 through 48, 58 through 66, and 70 through 74 herein.

76.    Unidisc has the exclusive right to exploit the copyright in the Utopia Recordings throughout the universe.

77.    On information and belief, Cleopatra, has exploited the Utopia Recordings in both the United States and abroad, and in doing so it approved, directed, and otherwise caused all such domestic and international conduct from its office in Los Angeles. To the extent that Cleopatra has exploited the Utopia Recordings in any territory other than the United States, Cleopatra has violated Unidisc's exclusive copyright interests in the Utopia Recordings in such territory and Cleopatra is liable to Unidisc for copyright infringement.

WHEREFORE, Plaintiff demands a judgment against Defendant:

A.    Declaring that Plaintiff is the exclusive owner of the copyright in the Melanie Recordings in Canada, that it has been the exclusive owner of such rights since 2013, and that Defendant may not exploit the Melanie Recordigs in Canada absent Plaintiff's authorization;

B.    Declaring that Plaintiff is the exclusive owner of the copyright in the Utopia Recordings throughout the universe, that it has been the exclusive owner of

such rights since 1996, and that Defendant may not exploit the Utopia Recordings in any territory (domestic and abroad) absent Plaintiff's authorization;

C.      Pursuant to 17 U.S.C. § 502, permanently enjoining Defendant, its successors and assigns, and those acting in concert with Defendant, from: (1) exploiting or attempting to exploit, (a) the Melanie Recordings in Canada, and (b) the Utopia Recordings in the United States and all other territories throughout the universe; and (2) interfering with Plaintiff's exploitations of the Melanie Recordings in Canada and the Utopia Recordings in the United States and all other territories throughout the universe, including without limitation enjoining them from sending take-down notices to internet service providers for Plaintiff's exploitation of the recordings in Plaintiff's territories;

D.      Awarding Plaintiff monetary damages allowable under applicable law and attributable to Defendant's copyright infringement of each of the Melanie Recordings in Canada;

E.      Awarding Plaintiff its actual damages and any additional profits of Defendant, or at Plaintiff's election, statutory damages, pursuant to 17 U.S.C. § 504, relating to or arising out of Defendant's infringement of the Utopia Recordings in the United States;

F.      Awarding Plaintiff monetary damages allowable under applicable law and attributable to Defendant's copyright infringement of each of the Utopia Recordings in territories other than the United States;

G.      Pursuant to 17 U.S.C. § 505, awarding Plaintiff its attorneys' fees and costs;

H.      Awarding Plaintiff pre- and post-judgment interest at the highest legal rate allowed under the law; and

I.      Granting Plaintiff such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all the issues so triable. This request is without prejudice to, or waiver of, Plaintiff's right to move for judgment on all issues that may be decided by the Court.

## NOTICE PURSUANT TO FED. R. CIV. P. 44.1

To the extent that foreign, rather than domestic, law applies to Defendant's infringement of Plaintiff's copyright interests in foreign territories (e.g., Canada), then Plaintiff intends to rely upon the laws of each such territory with respect to infringements therein.

DATED: JULY 11, 2024

MITCHELL SILBERBERG & KNUPP LLP
By: */s/ Eleanor M. Lackman*
    Eleanor M. Lackman (SBN 298594)
    Attorney for Plaintiff
    *Unidisc Music Inc.*


FIRESTONE GREENBERGER PLLC
By: */s/ Jordan Greenberger*_____
    Jordan Greenberger
    (pro hac vice forthcoming)
    Attorney for Plaintiff
    *Unidisc Music Inc.*

Mitchell
Silberberg &
Knupp LLP

14
**COMPLAINT**

20027601.2